IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE GARCIA, | § | CIVIL ACTION NO.:4:16-cv-2134 |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| HARRIS COUNTY, | § | ORIGINAL COMPLAINT |
| CITY OF HOUSTON, and | § | (JURY TRIAL) |
| RAUL LEAL III, *Individually,* | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, DENISE GARCIA, hereinafter referred to as "Plaintiff" or simply "Ms. Garcia," pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C Section 2000e *et seq.*, ("Title VII"), and 42 U.S.C. Section 1983 and 1988 complaining of and about the STATE OF TEXAS, HARRIS COUNTY, CITY OF HOUSTON, and RAUL LEAL III, in his individual capacity, hereinafter called the "Defendants", and for cause of action shows unto the Court and the Jury the following:

### I.
### PARTIES AND SERVICE

1. Plaintiff, Denise Garcia, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2.  Defendant, The State of Texas, can be served with citation upon the Governor or Attorney General of The State of Texas.

3.  Defendant, Harris County, is a political subdivision of the State of Texas. Service of citation upon the Harris County shall be made on the County Judge at 1001 Preston, Houston, TX 77002.

4.  Defendant, City of Houston, is a governmental entity existing under the laws of the State of Texas. Service of citation upon the City of Houston shall be made on the City Secretary at 901 Bagby, Houston, TX 77002.

5.  Defendant, Raul Leal III, is an individual and is being sued in his individual capacity. Service of citation upon the Raul Leal III shall be 61 Reisner, Houston, TX 77002

## II.
## JURISDICTION AND VENUE

6.  This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a violation of a federal statue, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. Sections 1983 and 1988. Venue in appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## III.
## CONDITIONS PRECEDENT

7.  All conditions precedent to jurisdiction have occurred or been complied with: Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal

Employment Opportunity Commission's receipt of a right to sue letter on or about April 23, 2016.

## IV.
## STATEMENT OF FACTS

8.     On December 19, 2014, Ms. Denise Garcia was terminated by the Harris County District Attorney's Office (thereafter referred to as "HCDAO"), a hybrid county and state governmental entity of The State of Texas and Harris County, because of her race or national origin. Ms. Garcia is a Hispanic female.

9.     On Friday, November 14, 2014, Ms. Garcia was driving her son to the doctor's office after he tested positive for respiratory issues. Ms. Garcia met with her son's father, Salvador Rodriguez, and proceeded to drive to the doctor's office. Ms. Garcia was in a relationship with Mr. Rodriguez. While driving on T.C. Jester in Houston, Texas, in route to the doctor's office, a patrol car operated by officers of the Houston Police Department (or "HPD") pulled over the car operated by Ms. Garcia. Ms. Garcia was driving legally and committed no traffic violations.

10.    Ms. Garcia immediately produced her driver's license and gave the officers her insurance information. The officers, including Officer Raul Leal III, requested to search Ms. Garcia's car. Ms. Garcia refused the search.  The officers ordered Ms. Garcia to exit her vehicle and then proceeded to search the car, including the trunk of her car. Shortly thereafter, a female HPD officer arrived and searched Ms. Garcia's bra and pants without Ms. Garcia's permission. Although the search did not uncover any illegal activity, Ms. Garcia was handcuffed. Another officer seized

Ms. Garcia's wallet without her permission and discovered her badge indicating employment with the Harris County District Attorney's Office. An HPD officer then proceeded to seize Ms. Garcia's cell phone and erased a section of her phone recordings without her permission. Ms. Garcia complained to the officers that her rights were being violated.

11.     Eventually, after over an hour Ms. Garcia was released by the HPD officers. Ms. Garcia was not arrested, was not cited for any traffic violations, or charged with any other violations of the law.  Mr. Rodriguez was arrested for an open warrant relating to a traffic ticket, but was not arrested for any other reason.

12.     On November 17, 2014, Ms. Garcia filed a complaint with the HPD Internal Affairs Division. Ms. Garcia complained of the traffic stop and what she believed were violations of her right to be free from illegal searches and seizures.  Ms. Garcia also believed that she was being racially profiled by HPD due to her Hispanic race or national origin.

13.     The City of Houston has a pattern and practice of illegal searches and seizures and detaining, and arresting people for speaking, failing to discipline and to supervise. The Officers involved lacked the training or had incorrect training by the City of Houston.

14.     Shortly thereafter, Ms. Garcia was interviewed by Terese Buess and Tiffany Johnson, both Assistant District Attorneys (or "ADA").  Both Ms. Buess and Ms. Johnson worked for the HCDAO. During the interview, Ms. Buess and Ms. Johnson inquired as to the events occurring on November 14, 2014 as detailed in the

preceding paragraphs. Ms. Garcia was initially surprised as to the nature of the inquiry, as the traffic stop did not have any connection to her employment with the HCDAO. Nevertheless, Ms. Buess and Ms. Johnson proceeded to ask questions to Ms. Garcia about the traffic stop. Ms. Garcia answered the questions truthfully and to the best of her ability.

15. On November 20, 2014, Ms. Garcia was placed on administrative leave with pay pending the results of the investigation. On December 19, 2014, ADA Belinda Hill, the First Assistant to the District Attorney, Devon Anderson, terminated Ms. Garcia. Ms. Garcia was not provided any advance notice as to the nature of the investigation and the reasons why she was terminated. Even after the meeting with ADA Belinda Hill, Ms. Garcia was not provided clear reasons why she was terminated as the traffic stop had no connection to her employment at the HCDAO.

16. Later, Ms. Garcia received a copy of her employment file through an open records request. In that employment file, Ms. Garcia discovered a memo dated December 12, 2014 which appeared to provide the reasons given to Devon Anderson to terminate her.. The memo indicates that Ms. Garcia was being dishonest regarding the events occurring the traffic stop on November 14, 2014. The memo also indicated that Ms. Garcia was being dishonest when she was not aware of the criminal history of Mr. Rodriguez. In response, Ms. Garcia denies that she was dishonest and was not aware, at the time, that Mr. Rodriguez had a criminal history. Ms. Garcia argues that

the HCDAO's reasons for her termination was pre-textual and that she was fired because she is Hispanic.

## V.
## TERMINATION DUE TO RACE AND/OR NATIONAL ORGIN

17. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

18. Defendants, by and through Defendants' agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her Hispanic race and/or national origin.

19. Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. § 2000e, *et seq.*

20. The effect of these practices deprived Plaintiff of equal employment opportunities and adversely affected her status as an employee because of her race and/or national origin. In support of her alleges, Plaintiff believes that she can show other employees of the HCDAO that committed very serious violations of misconduct, yet were not terminated or put on administrative leave pending an investigation.

21. As a result of the discrimination by the Defendants, Plaintiff suffered damages for which Plaintiff herein sues.

## VI.
## 42 U.S.C. SECTION 1983

22.     Defendants violated plaintiff's rights to Freedom of Speech, to Petition the Government for Redress of Grievances and to be Free from Unreasonable Searches and Seizures in violation of the First, Fourth, and Fourteenth Amendments to the Constitution.

## VII.
## DAMAGES

23.     Plaintiff has been damaged by the Defendants' violations of the foregoing statutes including lost wages and other compensation in the past and future, lost benefits, unpaid overtime, mental anguish, damages to reputation, and other general and special damages including punitive damages.

## VIII.
## REINSTATMENT

24.     In lieu of certain damages, Plaintiff also seeks reinstatement to her former position or to a position equivalent to her former position at the HCDAO.

## IX.
## INJUNCTIVE RELIEF

25.     Plaintiff seek injunctive relief including without limitation:

1. requiring the State of Texas and Harris County to implement new policies and procedures sufficient to promote Hispanic individuals into positions within Harris County District Attorney's Office;

2. implementing new policies and procedures sufficient to prevent

## X.
## ATTORNEYS' FEES

26. Plaintiff is entitled to attorneys' fees under 42 U.S.C. §1988, 42 U.S.C. 2000e, et. seq., 29 U.S.C. §216(b), and other applicable law. Plaintiff hereby designates the undersigned counsel to provide expert testimony as to the reasonableness of attorney's fees incurred in connection with this case. Plaintiff invokes the procedures as provided for under Fed. Rule Civ. Pro. Rule 54(d).

## XI.
## JURY DEMAND

27. Plaintiff demands a trial by jury as guaranteed by the Seventh Amendment to the United States Constitution, and other federal and state statutes.

## XII.
## OTHER RELIEF

28. Plaintiff further seek prejudgment interest, postjudgment interest, Court costs, and such other relief to which they may show themselves justly entitled.

## XIII.
## PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Denise Garcia, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

        RESPECTFULLY SUBMITTED,
        LAW OFFICE OF RANDALL L. KALLINEN PLLC

        <u>/s/ Randall L. Kallinen</u>
        Randall L. Kallinen
        State Bar of Texas No. 00790995
        Southern District of Texas Bar No.: 19417
        Admitted, U.S. Supreme Court, 5th U.S. Circuit Court of Appeals, & Southern, Eastern & Western Districts of TX
        511 Broadway Street
        Houston, Texas 77012
        Telephone:  713.320.3785
        FAX:  713.893.6737
        Email:  AttorneyKallinen@aol.com
        Attorney for Plaintiff

        THE OGG LAW FIRM, PLLC
        3215 Mercer, Suite 100
        Houston, Texas 77027
        Tel: (713) 974-1600 Fax: (713) 621-2106

        By: <u>/s/ R. Scott Poerschke</u>
        R. Scott Poerschke
        State Bar No. 24067822
        Email:  scott@ogglawfirm.com,
        Attorney for Plaintiff