IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE GARCIA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | NO. 4:16-cv-2134 |
| HARRIS COUNTY DISTRICT | § | (JURY DEMANDED) |
| ATTORNEY'S OFFICE AND | § | |
| DEVON ANDERSON, | § | |
| *In her official capacity as District* | § | |
| *Attorney for Harris County,* | § | |
| *Texas,* | § | |
| | § | |
| *Defendant.* | § | |

PLAINTIFF'S MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR PARTIAL SUMMARY
JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSE

TO THE HONORABLE JUDGE GRAY MILLER:

COMES NOW, DENISE GARICA, Plaintiff, and files this motion for judgment on the pleadings and/or partial summary judgment on HARRIS COUNTY'S, Defendant, affirmative defense of failure to mitigate. In support, Denise Garcia states as follows.

ISSUES PRESENTED

1. The Federal Rules of Civil Procedure subject claims and defenses to identical pleading requirements. To be adequately pled, they must contain enough specificity or factual particularity to inform the other party of the claim or defense's substantive factual basis, with the allegations going

well beyond mere labels or conclusions or a formulaic recitation of elements. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Here, the Defendant pleaded the after-acquired evidence and failure to mitigate defenses without mentioning even a single fact in support. As to these defenses, should the Court grant judgment on the pleadings pursuant to Rule 12(c)?

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

At the commencement of this case, before any discovery took place, the Defendant asserted several defenses, including that:

- "Alternatively, Defendant affirmatively pleads after acquired evidence and failure to mitigate." [Dkt. 73, p. 7] (labeled "second defense").

These defenses are quoted verbatim. Self-evidently, Defendant did not plead even a single fact allegedly underpinning the failure to mitigate defense.

Curious about what the factual bases for these defenses might possibly be, Plaintiff served Defendant with a Rule 30(b)(6) deposition notice on May 1, 2018, seeking the factual bases for these defenses. *Id.* at p. 3. Harris County moved to quash the deposition. [Dkt. 105] After a telephone conference, the Court ordered the deposition of the 30(b)(6) witness. [Dkt. 107] The deposition was held on May 4, 2018. Harris County designated Devon Anderson as the 30(b)(6) witness to testify about these two affirmative defenses.

## SUMMARY OF ARGUMENT

Defendant's Answer does not meet the pleading standard required by *Iqbal* and *Twombly*. Because it mentions no facts upon which anyone could plausibly conclude that failure to mitigate defense applies, the Court should simply grant judgment on the pleadings. FED. R. CIV. P. 12(c).

Alternatively, defendants have failed to raise a genuine issue of material fact as to the failure to mitigate defense. The Court should therefore grant partial summary judgment and dismiss the defense with prejudice.

## ARGUMENT

### A. The Court Should Grant Judgment on the Pleadings as to the After-Acquired Evidence and Failure to Mitigate Defenses.

A motion for judgment on the pleadings may be made at any time after the pleadings are closed and provided that the motion will not delay trial. FED. R. CIV. P. 12(c). It is governed by the same pleading standards applicable to a Rule 12(b)(6) motion. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

The Federal Rules require affirmative defenses to be pleaded, and defenses are "subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). A defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.* Baldly naming defenses, as Defendant did here, "falls well short of the minimum particulars" imposed by Rule 8. *Id.* Because the "defenses" pleaded here are obviously insufficient – containing no factual allegations whatsoever – the Court should grant judgment on the pleadings and eliminate them from this case.

In *Twombly*, the Supreme Court clarified Rule 8's specificity standard for pleadings, holding that pleadings must "provide the 'grounds' of [the party's] 'entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This standard "governs . . . in all civil actions and proceedings in the United States district courts." *Iqbal*, 556 U.S. at 684. Answers – just like complaints – are subject to an identical standard. *Woodfield,* 193 F.3d at 362; FED. R. CIV. P. 8(b)-(c).

When deciding whether Harris County's defenses satisfy the *Twombly/Iqbal* standard, the Court must determine if the asserted defenses go beyond mere labels and conclusions and a formulaic recitation of elements, if any. This is because "naked assertion[s] devoid of further factual enhancement" will no longer suffice. *Iqbal,* 556 U.S. at 678 (internal citations and quotation omitted). For defenses to be properly pleaded, then, they must give a plaintiff not only fair notice of the defense being asserted but "the grounds upon which it rests." *Erickson* v. *Pardus,* 551 U.S. 89, 93 (2007) (internal citation and quotations omitted) (per curiam). "[T]he tenet that a court must accept as true all of the allegations contained in [a pleading] is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action [or defense], supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Mere assertions of legal conclusions, moreover, are plainly insufficient; the law now requires that they "must be supported by factual allegations." *Id.*

This standard unquestionably applies to affirmative defenses. *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 (D. Kan. 2009). In *Hayne,* the court surveyed the post-*Twombly/Iqbal* landscape and noted that the overwhelming

majority of courts have applied the heightened pleading standard to affirmative defenses. *Id.* at n.15 (collecting authorities). Thus, the court

> agree[d] with the reasoning of the courts applying the heightened pleading standard to affirmative defenses. It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case . . . . Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense **and not adding it to the case simply upon some conjecture that it may somehow apply**.

*Id.* at 650 (emphasis added). The court then struck eight affirmative defenses that were pleaded as generally (and with as little factual support) as Defendant's defenses are here.

Failure to mitigate damages is an affirmative defense in Title VII cases. *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998); *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990). It requires the employer to demonstrate that the plaintiff failed to use reasonable diligence to obtain "substantially equivalent" employment. *Sellers*, 902 F.2d at 1193. The reasonableness, in turn, must be evaluated in light of the individual characteristics of the claimant and the relevant job market. *Id.* "Substantially equivalent employment" is defined as that employment affording

virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the plaintiff was discriminatorily terminated.  *Id.*  This normally requires the employer to prove both that substantially equivalent work was available and that the former employee did not exercise reasonable diligence to obtain it.  *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003).[1]  That said, Defendant's Answer pleads no facts even remotely suggesting that substantially equivalent employment was available, let alone that Denise unreasonably failed to look for it.  The absence of factual allegations giving rise to a plausible possibility of relief is a fatal flaw under the *Iqbal/Twombly* standard.  The Court should grant judgment on the pleadings with respect to Harris County's "second defense(s)".

B.  **Harris County's Position, Voiced Through Its Rule 30(b)(6) Deposition, Is That It Has Insufficient Evidence Supporting Its Defenses.**

A Rule 30(b)(6) deposition is one way to obtain discovery from a corporation or other organizational entity.  The rule is intended to streamline the discovery process, allowing the deposing party to seek binding corporate testimony on specified topics without having to "play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar . . . ."  *Johnson v. Big Lots*

---

[1] However, if an employer outright proves that an employee has not made reasonable efforts to obtain work, the employer need not establish the availability of substantially equivalent employment.  *West*, 330 F.3d at 393.

*Stores, Inc.*, 2008 WL 6928161, *2 (E.D. La. May 2, 2008) (copy attached as Exhibit 3). At the same time, it affords the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf." *U.S. v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996). For all parties to enjoy the rule's benefits, and for the process to run smoothly, each party must do some extra work. *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993). Specifically, the deposing party must lay out in advance the issues to be discussed, a duty that is not required for other depositions. In turn, the party being deposed must carefully select at least one representative for each issue. Furthermore, when a corporation designates and produces witness it must be foreclosed from later presenting different allegations:

> . . . [P]laintiff reads Rule 30(b)(6) as precluding defendant from adducing from Ms. Kurtz a theory of the facts that differs from that articulated by the designated representatives. Plaintiff's theory is consistent with both the letter and spirit of Rule 30(b)(6). First, the Rule states plainly that persons designated as corporate representatives "shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). This makes clear that a designee is not simply testifying about matters within his or her own personal knowledge, but rather is "speaking for the corporation" about matters to which the corporation has reasonable access. *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.1996), *aff'd United States v. Taylor,* 166 F.R.D. 367 (M.D.N.C.1996) (quoting 8A Charles Alan Wright *et al.,* Federal Practice and Procedure, § 2103, at 36–37 (2d ed.1994)). By

commissioning the designee as the voice of the corporation, the Rule obligates a corporate party "to prepare its designee to be able to give binding answers" in its behalf. *Ierardi v. Lorillard, Inc.,* 1991 WL 158911, at *3 (E.D. Pa. Aug.13, 1991); *Taylor,* 166 F.R.D. at 361 (designee "presents the corporation's 'position' on the topic") (internal citation omitted). <u>Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition.</u> *See Ierardi,* 1991 WL 158911, at *3; *Taylor,* 166 F.R.D. at 362.  *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (emphasis added).

### C. Harris County's Position, Voiced Through Its Rule 30(b)(6) Deposition, Is That It Has Insufficient Evidence Supporting Its Failure to Mitigate Defense.

Pursuant to the Federal Rules of Civil Procedure, Rule 56(c), a summary judgment shall be rendered if "there is no genuine issue as to any material fact and...the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Id.* at 2509. Summary judgment

is precluded under Rule 56(c) only when the facts in dispute might affect the outcome of the suit under governing law and the dispute is genuine. *Id.* at 2510.

When the burden of proof at trial lies with the nonmoving party (here, Harris County), the movant may either (1) submit credible evidence that negates the existence of some material element of the opponent's claim or defense, or (2) demonstrate that the evidence in the record insufficiently supports an essential element or claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). If the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). "The nonmoving party, however, 'cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Id.* (quoting *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004)).

In this case, Denise Garcia demonstrates that there is no evidence or, alternatively, insufficient evidence supporting the claim that she did not properly mitigate her damages. "When the record is bare of evidence that would support the pleading allegations of the [defendant], a [plaintiff] 'may rely upon the complete absence of proof of an essential element of the other party's case' to satisfy this burden and establish [her] right to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 920 (5th Cir. 1992) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) and *Celotex*, 477 U.S. at 324). Defendant bears a heavy burden of establishing the failure-to-mitigate defense, *Washington v. Davis*, No. 01-1863, 2002 WL 1798764, at *3 (E.D. La. Aug. 5, 2002) ("This is a very heavy burden, and will be met only upon a showing that the plaintiff's actions were unreasonable."). The Defendant has not met that standard.

A plaintiff suing for back pay and front pay has a duty to mitigate her damages. See *Tratee v. BP Pipelines (N. Am.) Inc.*, 2009 WL 1457160, at *5 (S.D. Tex. May 22, 2009) (back pay); *Persons v. Jack in the Box, Inc.*, 2006 WL 846356, at *3 (S.D. Tex. Mar. 31, 2006) (front pay). The plaintiff is required to use "'reasonable diligence to obtain substantially equivalent employment.'" *Tratee*, 2009 WL 1457160, at *5 (quoting *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003)). A Title VII plaintiff's obligation to mitigate damages does not require her to accept a noncomparable or inferior position subsequent to his demotion or termination. Substantially equivalent employment is employment that provides "virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *Id.* (citing *Sellers v. Delgado Cmty. Coll.*, 839 F.2d 1132, 1138 (5th Cir. 1988)). The employer has the burden of proving failure to mitigate. In order to meet this burden, the employer "must show not only that the plaintiff failed to exercise reasonable diligence, **but** that there were jobs available which plaintiff could have discovered and for which she was qualified." *Huffman v. City of Conroe*, 2009 WL 361413, at *13 (S.D. Tex. Feb. 11, 2009) (citing *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972)) (emphasis added).

In this situation, Harris County has not, and cannot, meet its burden to show that Denise failed to exercise reasonable diligence. When asked specifically about the factual basis for Harris County's failure to mitigate affirmative defense, Devon Anderson, Harris County's designated 30(b)(6) witness, testified that Denise Garcia applied for thirteen job applications with the City of Houston over a three-year period after she was terminated. (PL's Exh. 2 at 5, *ll.* 2 - 3.) When asked specifically why these thirteen job applications were insufficient, Ms.

Anderson indicated "[i]t seems, like, that's not a very rigorous effort to get a job, to apply only thirteen times over a three-year period." (Id., *ll.* 18 – 19.)   Ms. Anderson did not remember the positions that Denise Garcia applied for. (Id., *l.* 23.)   Ms. Anderson did not know the date that Denise Garcia applied for the positions. (Id. at 5 - 6, *l.* 1)   Ms. Anderson did not know how the positions were made available to the public. (Id. at 6, ll. 2-3)   Ms. Anderson did not know of any of the promotional opportunities that were available in any of the thirteen job applications. (Id. at 6, ll. 10-13)   Ms. Anderson did not know the compensation for each of these thirteen positions. (Id at 6, ll. 14-17)   The record indicates that Ms. Anderson believed that Denise Garcia's job search efforts were insufficient, but no evidence was presented in an attempt to determine whether they actually were. Ms. Anderson merely asserted her opinion that Denise Garcia should have applied to more positions without demonstrating whether those efforts were unreasonable in light of the positions that Denise Garcia did apply for.[2] *See, e.g., Decorte v. Jordan*, No. 03-1239, 2005 WL 1431699, at *2 (E.D. La. May 26, 2005) (expert testified only as to number of resumés that should have been sent each week, without further demonstrating that those numbers corresponded to employers with vacant positions for which plaintiffs were qualified.); *see also Praseuth v. Rubbermaid*, Inc., 406 F.3d 1245, 1253 (10th Cir. 2005) (claimant acts with reasonable diligence, thereby sufficiently mitigating damages, by reviewing job advertisements, posting resumes, and applying for available positions)

To prove its defense, the Harris County also is required to establish that substantially equivalent work was available, meaning "[e]mployment which

---

[2] A plaintiff is not, required to seek out or accept any position that may be available. They are not, for example, required to "go into another line of work, accept a demotion, or take a demeaning position," to preserve their right to back pay. Ford Motor Co., 458 U.S. at 231-32; see also Vaughn v. Sabine County, 104 Fed. Appx. 980, 984 (5th Cir. 2004).

affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant has been discriminatorily terminated." *Sellers*, 902 F.2d at 1193 (internal quotes and citations omitted). Here, Harris County did not provide any evidence of (1) other imaging jobs that were actually available, much less, (2) facts illustrating the comparison between Denise Garcia's position at Harris County and those other imaging jobs actually available.

Harris County has not met its evidentiary burden required to raise a genuine issue of fact in regards to Denise Garcia mitigating her damages. The information that Harris County testified to is insufficient to affect the outcome of the suit under governing law and therefore "properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. The evidence offered by Harris County during discovery does not show that Denise Garcia's actions following her termination from Harris County were unreasonable. Also, Harris County did not establish that further job search efforts would have yielded suitable employment for her. In addition, Defendant failed to demonstrate that Denise Garcia was qualified for any of the positions listed, or that they were comparable to the one she held at Harris County. Since Defendant did not overcome the heavy burden necessary to demonstrate that Ms. Plaintiff failed to mitigate damages, summary judgment is appropriate on this issue.

## CONCLUSION AND PRAYER

Defendant's pleading fails to adequately allege the failure to mitigate defense. The Court should therefore grant judgment on the pleadings and dismiss this defense.

Alternatively, it is undisputed that Plaintiff served a Rule 30(b)(6) deposition notice to depose Defendant about the basis for this defense. Defendant's witness failed to raise a genuine issue of material fact in support of the failure to mitigate defense. Because Defendant lacks evidence of the defenses' elements, and may not now present such evidence, the Court should grant this motion for partial summary judgment.

Plaintiff prays the Court grant this motion and order the relief requested herein.

Respectfully submitted,

**THE POERSCHKE LAW FIRM, PC**

/s/ R. Scott Poerschke, Jr.
**R. SCOTT POERSCHKE, JR.**
State Bar. No. 24067822
**CHRIS J. AINSWORTH**
State Bar. No. 24072789
5111 Center Street
Houston, Texas 77007
Phone 713.974.1600
Fax 713.621.2106
scott@rsplegal.com
ainsworth@rsplegal.com

**LAW OFFICE OF
RANDALL L. KALLINEN**

/s/ Randall L. Kallinen
**RANDALL L. KALLINEN**
State Bar of Texas No. 00790995
U.S. Southern District of Texas
Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785

                                             FAX: 713.893.6737
                                             AttorneyKallinen@aol.com

### ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I certify that I have served upon all opposing counsel and all pro se parties a true and correct copy of the foregoing on June 15, 2018, by filing with the ECF System.

| | |
|---|---|
| Rolf Krueger<br>Celena Vinson<br>Assistant County Attorney<br>1019 Congress, 15th Floor<br>Houston, Texas 77002 | *Via CM/ECF*<br>*Rolf.Krueger@cao.hctx.net*<br>*celena.vinson@cao.hctx.net* |
| Connica Mou Lemond<br>Camela June Sandmann<br>Assistant City Attorneys<br>P.O. Box 368<br>Houston, Texas 77001-0368 | *Via CM/ECF*<br>*Connica.Lemond@houstontx.gov;*<br>*Camela.sandmann@houstontx.gov* |

                                             /s/ R. Scott Poerschke
                                             R. Scott Poerschke