UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE GARCIA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2134 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is defendant Harris County's Rule 12(c) motion for judgment on the pleadings or, alternatively, judgment as a matter of law. Dkt. 140. Plaintiff Denise Garcia responded. Dkt. 141. Having considered the motion, response, and applicable law, the court is of the opinion that Harris County's motion (Dkt. 140) should be DENIED.

Garcia was employed as an imaging clerk at the Harris County District Attorney's Office. Dkt. 108 at 6. During her employment, Garcia was detained and searched by officers from the Houston Police Department ("HPD"). *Id.* at 7–11. Garcia filed a complaint regarding the incident with HPD. Dkt. 92 at 5. Shortly thereafter, Harris County District Attorney Devon Anderson fired Garcia. *Id.* at 14. Garcia claims that Anderson fired her because she filed a complaint with HPD. *Id.* at 12. Garcia argues that Anderson violated her First Amendment right to free speech and sued Harris County under 42 U.S.C. § 1983. *Id.*

"We evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal*

*Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

Harris County contends that it is entitled to judgment on the pleadings because it is immune from suit under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978). In order to hold a municipality accountable for the actions of its employees under § 1983, *Monell* requires plaintiffs to identify "a policy statement, ordinance, regulation, or [officially adopted] decision" that was the "moving force" behind the alleged constitutional violation. *Id.* at 690; *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). Even if no formal policy exists, a plaintiff may also establish municipal liability by showing a "persistent, widespread practice of city officials or employees, which . . . is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F. 2d 838, 841 (5th Cir. 1984). "A plaintiff may prove the existence of a 'custom or policy' in one of two ways." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010). First, a plaintiff may show a pattern of unconstitutional conduct by municipal employees. *Id.* Second, a plaintiff may show that "a *final policymaker* took a single unconstitutional action." *Id.* (emphasis in original).

Harris County argues that Garcia has failed to identify a municipal policy or custom that was the moving force behind Anderson's alleged unconstitutional conduct. Dkt. 140 at 3–5. However, Garcia alleges that Anderson herself committed a constitutional violation by firing Garcia. Dkt. 92 at 12–14; Dkt. 141 at 2–3. Garcia argues that Anderson was a final policymaker of Harris County for employment purposes at the District Attorney's Office. Dkt. 141 at 2–3. Thus, Garcia contends that Anderson's single constitutional action is enough to establish a municipal policy or custom. *Id.*

2

For the purpose of this Rule 12(c) motion, the court agrees. This court has already decided that Garcia "has asserted enough facts to state a claim that the decision for her termination was made by a final policymaker, and, on those grounds, represents an official policy of the municipality." Dkt. 67 at 20–21. Harris County had the opportunity to fully address the issue of whether Anderson was a final policymaker, both in its previous motion to dismiss (Dkts. 37, 46) and its current motion for judgment on the pleadings (Dkt. 140), but it failed to do so. Harris County's motion for judgment on the pleadings (Dkt. 140) is therefore DENIED.[1]

Signed at Houston, Texas on November 9, 2018.

                          Gray H. Miller
                          United States District Judge

---

[1] Harris County's alternative motion for judgment as a matter of law is also DENIED pending the court's ruling on Harris County's motion for summary judgment (Dkt. 108).