UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE GARCIA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2134 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Harris County's motion for summary judgment. Dkt. 108. Plaintiff Denise Garcia responded. Dkt. 125. Harris County replied. Dkt. 128. Having considered the motion, the response, the reply, the record evidence, and the applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

This is an employment discrimination case. Dkt. 1. Garcia worked as an imaging clerk for the Harris County District Attorney's Office ("DAO"). Dkt. 108 at 6. On November 14, 2014, Garcia was involved in an incident in which Houston Police Department ("HPD") officers detained Garcia and her boyfriend for suspected drug activity. *Id.* at 7–11. On November 17, Garcia filed a complaint with HPD regarding the incident. Dkt. 92 at 5. Garcia was placed on administrative leave from the DAO on November 20, and Garcia's employment was ultimately terminated on December 19. *Id.* at 6.

Garcia subsequently filed suit against several defendants, including Harris County. Dkt. 92. Garcia claims that Harris County, through District Attorney Devon Anderson, fired her in retaliation

for Garcia filing a complaint with HPD. *Id.* at 12. Garcia contends that this retaliation violated her First Amendment rights. *Id.*

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

In a First Amendment retaliation case, the plaintiff must make a prima facie showing that: (1) she suffered an adverse employment action; (2) her speech involved a matter of public concern; (3) her interest in speaking outweighs the employer's interest in promoting efficiency in the workplace; and (4) her speech motivated the employer's adverse employment action. *Gibson v. Kilpatrick*, 838 F.3d 476, 481 (5th Cir. 2016).

### A. Causation

Harris County contends that Garcia cannot prove the causation element of her prima facie case. Dkt. 108 at 25. Harris County argues that Anderson alone chose to fire Garcia and, at the time

2

of Garcia's firing, Anderson did not know that Garcia had filed a complaint with HPD. *Id.* Thus, Garcia's complaint could not have motivated or caused Anderson's decision. *Id.*

However, Garcia contends that a genuine issue of material fact exists as to Anderson's knowledge at the time of Garcia's firing. Anderson testified that she did not know about the HPD complaint. Dkt. 108-36 at 10; Dkt. 108 at 25. However, Garcia argues that Belinda Hill's testimony creates a fact issue as to Anderson's knowledge. Dkt. 25 at 27 n.8. Hill testified that she reviewed a memo by Terese Buess ("the Buess memo") with Anderson. Dkt. 125-6 at 3. The Buess memo references Garcia's HPD complaint. Dkt. 108-2 at 4–5. Thus, Garcia argues, Anderson could have reviewed the Buess memo and known about the HPD complaint before firing Garcia. Dkt. 25 at 27 n.8.

Hill's testimony could be consistent with Anderson's testimony—for instance, Hill could have reviewed the Buess memo with Anderson after Garcia's firing. However, on summary judgment, the court must view the evidence in the light most favorable for the non-movant. *Envtl. Conservation Org.*, 529 F.3d at 524. Viewing Anderson and Hill's testimony in the light most favorable to Garcia, a genuine issue of material fact exists as to whether Anderson reviewed the Buess memo and/or knew about the HPD complaint at the time of Garcia's firing. Thus, a fact question exists as to the causation element of Garcia's claim, and the court cannot grant summary judgment on that ground.

**B. Pretext**

Second, Harris County argues that even if Garcia can prove the causation element of her claim, Garcia does not carry her burden of showing that Harris County's proffered, legitimate reasons are pretextual. Dkt. 108 at 26. Both parties appear to assume that First Amendment retaliation claims are governed by the familiar *McDonnell Douglas* framework, in which Garcia

3

would have the burden of demonstrating pretext. *Id.*; Dkt. 125 at 28–29. However, "First Amendment retaliation claims are governed by the *Mt. Healthy* 'mixed motives' framework, not by the *McDonnell Douglas* pretext analysis." *Gonzalez v. Dallas Cty.*, 249 F.3d 406, 412 n.6 (5th Cir. 2001). Under *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568 (1977), the *defendant* has the burden of showing that it would have taken the same adverse employment action even in the absence of the protected conduct. *Charles v. Grief*, 522 F.3d 508, 516 n.28 (5th Cir. 2008). Thus, Harris County has the burden of showing that its proffered reasons are not pretextual. Because Harris County does not address the *Mt. Healthy* defense, the court will not address it at this time. *See id.*

### IV. CONCLUSION

Harris County's motion for summary judgment (Dkt. 108) is DENIED.

Signed at Houston, Texas on November 13, 2018.

_____
Gray H. Miller
United States District Judge