**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DENISE GARCIA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2134 |
| | § | |
| HARRIS COUNTY, *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff Denise Garcia's Rule 12(c) motion for judgment on the pleadings, and alternative motion for summary judgment, on defendant Harris County's affirmative defense of failure to mitigate. Dkt. 113. Harris County responded. Dkts. 117, 118. Having considered the motion, responses, and applicable law, the court is of the opinion that Garcia's motion (Dkt. 113) should be DENIED.

**I. BACKGROUND**

Garcia was employed as an imaging clerk at the Harris County District Attorney's Office ("DAO"). Dkt. 108 at 6. During her employment, Garcia was detained and searched by officers from the Houston Police Department ("HPD"). *Id.* at 7–11. Garcia filed a complaint regarding the incident with HPD. Dkt. 92 at 5. Shortly thereafter, Harris County District Attorney Devon Anderson fired Garcia. *Id.* at 14. Garcia claims that Anderson fired her because she filed a complaint with HPD. *Id.* at 12. Garcia argues that Anderson violated her First Amendment right to free speech and sued Harris County under 42 U.S.C. § 1983. *Id.*

In its amended answer, Harris County pled several affirmative defenses, including "after acquired evidence and failure to mitigate." Dkt. 73 at 7. Harris County's answer does not support

the defenses with factual allegations.  *Id.*  Garcia moves for judgment on the pleadings on the failure

to mitigate defense.[1]  Dkt. 113.  Alternatively, Garcia moves for summary judgment on the defense.

*Id.*

## II. ANALYSIS

### A.  Judgment on the Pleadings

#### 1.  Legal Standards

Rule 12(c) allows a party to "move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).

However, a motion to strike defenses under Rule 12(f) is more appropriate when a plaintiff disputes

the sufficiency of some of a defendant's defenses.  Fed. R. Civ. P. 12(f); *cf.* Fed. R. Civ. P. 12(c);

s*ee also United States v. Brink*, No. C-10-243, 2011 WL 835828, at *2 (S.D. Tex. Mar. 4, 2011)

(Jack, J.) (favoring Rule 12(f) over Rule 12(c) for disputing the sufficiency of affirmative defenses);

*In re Beef Indus. AntiDesperado Motor Racing & Motorcycles, Inc. v. Robinson*, No. H-09-1574,

2010 WL 2757523, at *2 (S.D. Tex. July 13, 2010) (Atlas, J.) (construing the plaintiff's Rule

12(b)(6) motion seeking to dismiss certain defenses as a motion to strike under Rule 12(f); 5C

Charles Alan Wright et al., Federal Practice and Procedure § 1369 (3d ed. 1998) ("If a plaintiff seeks

to dispute the legal sufficiency of fewer than all of the defenses raised in the defendant's pleading,

he should proceed under Rule 12(f) rather than under Rule 12(c) . . . .").  Here, the court construes

Garcia's motion for partial judgment on the pleadings as a motion to strike under Rule 12(f).

---

[1]Garcia's motion is unclear as to whether Garcia is also challenging Harris County's after-acquired evidence defense.  Dkt. 118 at 1.  However, Garcia does not brief the after-acquired evidence issue and her request for relief only addresses the failure to mitigate defense.  *See* Dkt. 113 at 12 ("Defendant's pleading fails to adequately allege the failure to mitigate defense.  The Court should therefore grant judgment on the pleadings and dismiss this defense.").  Therefore, the court construes Garcia's motion as only challenging the failure to mitigate defense.

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The standard for sufficiency of affirmative defenses has been the subject of much debate, as this court has previously acknowledged:

> Whether affirmative defenses are subject to the fair notice standard set forth in *Conley v. Gibson* or the heightened pleading standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* is unsettled law in the Fifth Circuit. *Compare Brink*, 2011 WL 835828, at *3 (applying the plausibility standard to assess the sufficiency of affirmative defenses), *with Rodriguez v. Physician Lab. Servs.*, LLC, No. 7:13-CV-622, 2014 WL 847126, at *2 (S.D. Tex. Mar. 4, 2014) (Alvarez, J.) (applying the fair notice standard to assess the sufficiency of an affirmative defense). The heightened pleading standard set forth in *Twombly* and *Iqbal* requires a complaint to plead "more than labels and conclusions," providing "factual content that allows the court to draw [a] reasonable inference" that the claim is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 128 S. Ct. 1937 (2009). In contrast, the *Conley* pleading standard requires "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957) (citation omitted).

*Franks v. Tyhan*, No. H-15-191, 2016 WL 1531752, at *2 (S.D. Tex. Apr. 15, 2016) (Miller, J.). However, the Fifth Circuit has applied the fair notice standard in opinions after *Twombly* and *Iqbal*, suggesting that the lesser standard of fair notice is the appropriate standard for affirmative defenses. *See, e.g.*, *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394 (5th Cir. 2014); *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 Fed. App'x 458 (5th Cir. 2013). Further, this court recently revisited the issue, explaining that "[u]nder Rule 8(c), a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017) (Miller, J.) (quotations omitted) (citing *Rogers v.*

*McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)); *see also Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *1 (S.D. Tex. Mar. 1, 2010) (Rosenthal, J.) (holding that affirmative defenses are subject to the fair notice standard). Thus, the applicable pleading standard for affirmative defenses is whether the defense is pled with enough specificity to give the plaintiff fair notice of the defense.

### 2. Analysis

Garcia argues that Harris County insufficiently pled its failure to mitigate defense because Harris County did not plead facts to support the defense. Dkt. 113. However, merely pleading the name of some affirmative defenses may be sufficient to provide the plaintiff with fair notice of the defense. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *Franks*, 2016 WL 1531752, at *3 (Miller, J.). Failure to mitigate is one of those defenses. *See Tran*, 2010 WL 723633, at *2 (holding that merely pleading "failure to mitigate" gave the plaintiff fair notice of the defense). Harris County's answer provides sufficient notice of Harris County's position that Garcia did not mitigate her damages. Moreover, "[i]nformation necessary to plead [a failure to mitigate defense] more specifically is in the possession of the plaintiffs and others; the defendants can only obtain that information through discovery." *Id.* (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009)). Therefore, requiring Harris County to plead factual support in this instance would be both impractical as well as in conflict with the weight of precedent. Garcia's motion to strike Harris County's failure to mitigate defense is DENIED.

### B. Summary Judgment

In the alternative, Garcia moves for summary judgment on the failure to mitigate defense. Dkt. 113. Summary judgment is proper only if no genuine issue of material fact exists on the claim or defense. Fed. R. Civ. P. 56. A defendant asserting a failure to mitigate defense must prove that the plaintiff did not use "reasonable diligence to obtain substantially equivalent employment." *Migis*

*v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998). However, "once the 'employer proves that an employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially equivalent employment.'" *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (quoting *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990)).

Garcia contends that, as a matter of law, she made reasonable efforts to obtain work because she applied to thirteen jobs over a three year period. Dkt. 113 at 10–11. Garcia further argues that because she made reasonable efforts, Harris County must prove the availability of substantially equivalent employment. *Id.* Harris County provides little evidence of substantially equivalent employment, so Garcia contends that she is entitled to summary judgment on the failure to mitigate defense. *Id.* Harris County counters that it only needs to prove that Garcia did not make reasonable efforts to obtain work, and that a genuine issue of material fact exists on the reasonableness of her efforts. Dkt. 117.

The court agrees with Harris County. Clear issues of material fact exist as to the extent of Garcia's efforts to obtain work after her termination and the reasonableness of those efforts. For example, Garcia testified that she only specifically remembers applying to one job at a parts store in the three years after she was fired from the DAO. Dkt. 117-1 at 7. Garcia recalls applying to "a lot of [other] jobs," but she could not recall any others specifically. *Id.* at 4. However, Harris County's Rule 30(b)(6) witness testified that Garcia appeared to have applied to thirteen jobs with the City of Houston during those three years. Dkt. 113-3 at 5. Garcia has neither confirmed nor denied actually applying to these jobs. *See* Dkt. 117-1 at 4–7 (Garcia's deposition). Particularly given Garcia's vague testimony, a genuine issue exists as to the factual extent of her job-seeking efforts. Because the factual extent of her efforts is unclear, the court cannot hold as a matter of law

that those efforts were reasonable. Garcia's motion for summary judgment on Harris County's failure to mitigate defense is therefore DENIED.

## IV. CONCLUSION

Harris County's motion for judgment on the pleadings and alternative motion for summary judgment (Dkt. 140) is DENIED.

Signed at Houston, Texas on November 15, 2018.

_____
Gray H. Miller
United States District Judge