IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| DENISE GARCIA | § | |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | NO. 4:16-cv-2134 |
| HARRIS COUNTY DISTRICT | § | (JURY DEMANDED) |
| ATTORNEY'S OFFICE AND | § | |
| DEVON ANDERSON, | § | |
| *In her official capacity as District* | § | |
| *Attorney for Harris County,* | § | |
| *Texas,* | § | |
| | § | |
| *Defendant.* | § | |

## MOTION FOR RECONSIDERATION
[refers to Doc # 146]

TO THE HONORABLE JUDGE GRAY MILLER:

COMES NOW, DENISE GARICA, Plaintiff, and requests reconsideration of the denial of her motion for summary judgment [refers # 146] against Harris County on Harris County's failure to mitigate affirmative defense.

The Fifth Circuit's decision in *Sparks* predates that of *Sellers*, and is thus controlling – and requires the defendant to prove both lack of diligence and substantially equivalent employment. Judge Atlas noted same in *Huffman v. City of Conroe*, 2009 WL 361413, at n. 37 (S.D. Tex. Feb. 11, 2009):

> The City cites *Sellers v. Delgado Community College*, 839 F.2d 1132, 1139 (5th Cir.1988), for the proposition that if an employer proves an employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially comparable employment. This, however, conflicts with

the earlier Fifth Circuit decision in [*Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir.1972)]. One appellate panel may not overrule a decision, right or wrong, of a prior panel, absent en banc reconsideration or a superseding contrary decision of the Supreme Court. When faced with conflicting panel opinions, the earlier opinion controls. See, e.g., *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir.2008) ( "our rule of orderliness directs that 'one panel of this court cannot overrule the decision of another panel.'") (citing *Lowrey. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997)); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n. 8 (5th Cir.2006); *Barrientes v. Johnson*, 221 F.3d 741, 780 n. 30 (5th Cir.2000).

Garcia would emphasize that, logically, the element of due diligence must be understood within the context of jobs that were available during the time period in question. This is true because the Fifth Circuit requires the employee to obtain substantially equivalent employment. This means the Fifth Circuit requires Denise Garcia to apply for jobs performing some sort of administrative function similar to her imaging clerk position.

For example, if within a three-year period an employee only applied for one job. Obviously, this would tend to support an argument that the employee lacked diligence in obtaining employment. However, if within that time period there was only one job that was available that met the definition of the term "substantially equivalent employment," then the employee would have been diligent, and the defense would fail. If, on the other hand, there were 10 jobs that were available during the same three-year period that met the definition, then the defense would succeed.

The same is true in the current case. There is no dispute that Denise Garcia did apply for jobs under the time period in question. Harris County believes that she applied for 13 jobs. However, this Court does to know whether these 13 jobs were sufficient. If only 13 jobs were available that were "substantially equivalent," then Denise Garcia would have done everything in her ability to obtain

employment and Harris County's defense would fail. However, if 50 jobs were available, then this would tend to suggest that Harris County's defense would succeed. But, without some sort of evidence showing what jobs were available, we do not know whether Denise Garcia exercised diligence.

## CONCLUSION AND PRAYER

Therefore, Harris County's defense cannot succeed unless Harris County presented evidence showing what substantially equivalent employment positions existed during the relevant time period that Denise Garcia did not apply too. Without this evidence, Harris County cannot obtain this defense. And in light of this and the controlling law in the Fifth Circuit, as correctly cited, Denise Garcia requests reconsideration of the prior denial on her motion for summary judgment as to Harris County's affirmative defense of failure to mitigate.

Respectfully submitted,

**THE POERSCHKE LAW FIRM, PC**

/s/ R. Scott Poerschke, Jr.
**R. SCOTT POERSCHKE, JR.**
State Bar. No. 24067822
**CHRIS J. AINSWORTH**
State Bar. No. 24072789
5111 Center Street
Houston, Texas 77007
Phone 713.974.1600
Fax 713.621.2106
scott@rsplegal.com
ainsworth@rsplegal.com

LAW OFFICE OF
RANDALL L. KALLINEN

/s/ Randall L. Kallinen
**RANDALL L. KALLINEN**
State Bar of Texas No. 00790995
U.S. Southern District of Texas
Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone: 713.320.3785
FAX: 713.893.6737
AttorneyKallinen@aol.com


**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

I certify that I have served upon all opposing counsel and all pro se parties a true and correct copy of the foregoing on November 16, 2018, by filing with the ECF System.

Rolf Krueger  *Via CM/ECF*
Celena Vinson  *Rolf.Krueger@cao.hctx.net*
Assistant County Attorney  *celena.vinson@cao.hctx.net*
1019 Congress, 15th Floor
Houston, Texas 77002


Marjorie Cohen  *Via CM/ECF*
Jennifer Callan  *Jennifer.Callan@houstontx.gov;*
Assistant City Attorneys  *Marjorie.Cohen@houstontx.gov*
P.O. Box 368
Houston, Texas 77001-0368


/s/ R. Scott Poerschke
R. Scott Poerschke