**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DENISE GARCIA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2134 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Pending before the court is defendant Harris County's motion for reconsideration. Dkt. 149. Plaintiff Denise Garcia responded. Dkt. 151. Having considered the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Harris County does not argue that the court's prior judgment rests on a manifest error of law or fact. Harris County also does not present newly discovered evidence. Instead, Harris County reframes its argument in an attempt to correct legal errors in its own prior briefing. Dkt. 149. Thus, Harris County's motion does not warrant Rule 59(e) relief.

Moreover, even considering Harris County's new argument, a genuine issue of material fact still exists as to District Attorney Devon Anderson's knowledge of Garcia's protected speech at the time Garcia was fired. *See* Dkt. 143 at 2–3. This prevents a finding as a matter of law that Garcia's firing was not pretextual. *See Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th

Cir. 2008) (holding that the court must draw all justifiable inferences in favor of the non-movant).

Thus, Harris County's motion for reconsideration (Dkt. 149) is DENIED.

     Signed at Houston, Texas on December 20, 2018.

_____

Gray H. Miller
United States District Judge