UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DENISE GARCIA, §
§
    *Plaintiff*, §
§
v. § CIVIL ACTION H-16-2134
§
HARRIS COUNTY, *et al.*, §
§
    *Defendants*. §

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Denise Garcia's motion for reconsideration (Dkt. 147) of the court's order denying summary judgment on defendant Harris County's failure to mitigate defense (Dkt. 146). Harris County did not respond. Having considered the motion, evidence in the record, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

Garcia was employed as an imaging clerk at the Harris County District Attorney's Office. Dkt. 108 at 6. During her employment, Garcia was detained and searched by officers from the Houston Police Department ("HPD"). *Id.* at 7–11. Garcia filed a complaint regarding the incident with HPD. Dkt. 92 at 5. Shortly thereafter, Harris County District Attorney Devon Anderson fired Garcia. *Id.* at 14. Garcia claims that Anderson fired her because she filed a complaint with HPD. *Id.* at 12. Garcia argues that Anderson violated her First Amendment right to free speech and sued Harris County under 42 U.S.C. § 1983. *Id.*

Harris County alleged several affirmative defenses, including failure to mitigate. Dkt. 73 at 7. Garcia moved for partial summary judgment on the failure to mitigate defense. Dkt. 113. The court denied Garcia's motion, concluding that fact issues about the reasonableness of Garcia's efforts

precluded summary judgment. Dkt. 146. Garcia now moves for reconsideration of her summary judgment motion. Dkt. 147.

## II. LEGAL STANDARDS

### A. Motion to Reconsider

A motion to amend or reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b). *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017); *see also Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002). The court has broad discretion to revise orders under Rule 54(b) but may look to the more stringent standard in Rule 59(e) for guidance. *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 475. "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

### B. Motion for Summary Judgment

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

### A. Failure to Mitigate Requirements

The court previously denied Garcia's motion for summary judgment on Harris County's failure to mitigate defense. Dkt. 146. However, Garcia has demonstrated a manifest error of law that warrants reconsideration under Rule 54(b). The parties previously agreed that "once the employer proves that an employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially equivalent employment.'" *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (quoting *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990); Dkts. 113 at 6 n.1, 117 at 2–3. Thus, in order to survive summary judgment under *West*, Harris County needed only to create a fact issue as to whether Garcia made reasonable efforts to obtain work; it did not need to present any evidence as to the availability of substantially equivalent employment. The court held that a fact issue existed as to the reasonableness of Garcia's efforts and denied Garcia's motion for summary judgment. Dkt. 146.

However, Garcia now argues that the *West* decision does not control because it conflicts with an earlier Fifth Circuit panel decision in *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972). The court agrees.[1] One appellate panel may not overrule a decision of a prior panel; panel decisions may

---

[1] The court notes that the jurisprudence in this area largely relates to Title VII retaliation claims, which are governed by the statutory Title VII duty to mitigate damages. *See Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 935 (5th Cir. 1996) (acknowledging that the Title VII duty to mitigate arises out of the statute and does not directly apply to other statutory causes of action), *rev'd on other grounds*, *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 156 F.3d 581, 593 (5th Cir. 1998). Garcia brings a First Amendment retaliation claim, which is not subject to the Title VII statutory requirements. However, the Supreme Court has noted that the "general theory of damages" provides that "a victim has a duty 'to use such means as are reasonable under the circumstances to avoid or minimize the damages'" caused by the defendant. *Faragher v. City of Boca Raton*, 524 U.S. 775, 806 (1998); *see also Patterson*, 90 F.3d at 935 (applying Title VII failure to mitigate principles to a 42 U.S.C. § 1981 claim). Further, other courts have applied the duty to mitigate to First Amendment claims. *See, e.g.*, *Gladden v. Roach*, 864 F.2d 1196 (5th Cir. 1989). Thus, the court looks to Title VII case law as guidance in determining the requirements for a duty to mitigate defense in a First Amendment employment retaliation context.

only be overruled by *en banc* reconsideration or a contrary decision by the Supreme Court. *United States v. Dial*, 542 F.3d 1059, 1059 (5th Cir. 2008); *Huffman v. City of Conroe*, No. H-07-1964, 2009 WL 361413, at *13 n.37 (S.D. Tex. Feb. 11, 2009) (Atlas, J.). Courts have specifically acknowledged that, in the failure to mitigate context, the *Sparks* decision controls over *West* and other later conflicting decisions. *See, e.g.*, *Buckingham v. Booz Allen Hamilton, Inc.*, 64 F. Supp. 3d 981, 984–85 (S.D. Tex. 2014) (Ellison, J.); *Huffman*, 2009 WL 361413, at *13 n.37.

Unlike *West*, *Sparks* requires a defendant to demonstrate that the plaintiff failed to apply to substantially equivalent employment, regardless of whether the plaintiff's efforts to obtain employment were reasonable. *Sparks*, 460 F.2d at 443. Therefore, under *Sparks*, Harris County must demonstrate that a genuine issue of material fact exists as to *both* (1) whether Garcia made a reasonable effort to obtain employment and (2) whether Garcia failed to apply to substantially equivalent employment that was available during the time in question. *Id.*

**B. Summary Judgment Under *Sparks***

As discussed in the court's previous order, a fact issue exists as to the extent and reasonableness of Garcia's efforts. Dkt. 146 at 5. However, Harris County has not carried its burden of demonstrating the availability of substantially equivalent employment.

"Substantially equivalent employment is employment that 'affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status'" as the employment from which the plaintiff was terminated. *Floca v. Homecare Health Servs., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988). Even viewing the evidence in the light most favorable to Harris County, Harris County has not provided any evidence, or arguments from evidence, that substantially equivalent employment existed to which Garcia failed to apply. Harris County fails to produce any evidence of *any* other available employment, much less substantially equivalent employment. The

4

record only includes evidence of jobs to which Garcia did apply. Dkts. 117-2; 117-3 at 5–7. Thus, Harris County has not met the *Sparks* standard, and summary judgment is proper. *See Sparks*, 460 F.2d at 443.

## IV. CONCLUSION

Harris County has not demonstrated a genuine issue of material fact as to the availability of substantially equivalent employment. Garcia's motion for reconsideration (Dkt. 147) is GRANTED and Garcia's motion for partial summary judgment on Harris County's failure to mitigate defense (Dkt. 113) is GRANTED.

Signed at Houston, Texas on January 8, 2019.

_____
Gray H. Miller
Senior United States District Judge