UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE GARCIA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2134 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**REVISED ORDER**

Pending before the court is defendant Harris County's motion for reconsideration (Dkt. 149) of the court's order denying summary judgment (Dkt. 143). Plaintiff Denise Garcia responded. Dkt. 151. Having considered the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

Federal Rule of Civil Procedure 59(e) governs a motion to amend a final judgment when the motion is filed within twenty-eight days of the contested judgment. Fed. R. Civ. P. 59(e). However, Rule 54(b) governs motions to reconsider orders that do not dispose of every claim or adjudicate the rights of all parties to a case. Fed. R. Civ. P. 54(b); *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017); *see also Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002). Here, the court considers Harris County's motion under Rule 54(b), not Rule 59(e), because the court's order preserves Garcia's claim and does not adjudicate the rights of other parties in the case.

An order governed by Rule 54(b) "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The court has broad discretion to revise orders under Rule 54(b), and the standard of review for a Rule 54(b)

motion is "typically held to be less exacting" than the standard for Rule 59(e) motions. *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 475. However, courts may look to Rule 59(e) for guidance in considering a Rule 54(b) motion. *Id.*

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Harris County does not argue that the court's prior judgment rests on a manifest error of law or fact. Harris County also does not present newly discovered evidence. Instead, Harris County reframes its argument in an attempt to correct legal errors in its own prior briefing. Dkt. 149. Thus, Harris County's motion does not warrant Rule 59(e) relief.

Moreover, even considering Harris County's new argument, a genuine issue of material fact still exists as to District Attorney Devon Anderson's knowledge of Garcia's protected speech at the time Garcia was fired. *See* Dkt. 143 at 2–3. This prevents a finding as a matter of law that Garcia's firing was not pretextual. *See Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008) (holding that the court must draw all justifiable inferences in favor of the non-movant). Thus, Harris County's motion for reconsideration (Dkt. 149) is DENIED.

Signed at Houston, Texas on January 8, 2019.

_____
Gray H. Miller
Senior United States District Judge